UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY BRODZKI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-146-MLM |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Anthony Brodzki for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, a resident of North Richland Hills, Texas, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983 for the violation of his First, Fourth, Fifth, and Fourteenth Amendment rights. The named defendants are the City of St. Louis and the "St. Louis Police Chief."

Plaintiff alleges that he visited St. Louis in 2008 and 2011. He claims that the police have "equipment," and they "hooked [him] in and have allowed police around the nation to ghurt [sic] [him] like being tortured." He further alleges that "the network will be shut off by the United States Attorney either after [he is] sick and or when [he is] signed in," and that the United States Marshalls say that "it is literally in the air after connection." Plaintiff claims that defendants violated his constitutional rights "by participating in this torture process and moving [him] along."

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim

asserted. Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Having carefully reviewed the complaint, the Court concludes that plaintiff's factual allegations are incoherent and delusional and fail to state a claim or cause of action under § 1983. Even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims. As such, the complaint will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as Anthony Brodzki v. City of St. Louis and St. Louis Police Chief.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because it is legally frivolous and fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of March, 2012.

                                                   /s/ Stephen N. Limbaugh, Jr.
                                                   UNITED STATES DISTRICT JUDGE